IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OHIO VALLEY ENERGY SYSTEMS CORPORATION<br>200 VICTORIA ROAD, BUILDING 4<br>AUSTINTOWN, OH 44515<br><br>            Plaintiff,<br><br>v.<br><br>DL RESOURCES, INC.<br>1066 HOOVER ROAD<br>SMICKSBURG, PA  16256<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.   15-29 Erie<br><br>JUDGE: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Ohio Valley Energy Systems Corporation, for its Complaint against the Defendant, DL Resources, Inc., states as follows:

### PARTIES

1.     Plaintiff, Ohio Valley Energy Systems Corporation ("Plaintiff"), is an Ohio corporation with its principal place of business in Austintown, Ohio.

2.     Defendant, DL Resources, Inc. ("Defendant"), is a Pennsylvania corporation with its principal place of business in Smicksburg, Pennsylvania.

### JURISDICTION AND VENUE

3.     Pursuant to the provisions of 28 U.S.C. § 1332, as amended, the United States District Court for the Western District of Pennsylvania has original jurisdiction over this action because there is complete diversity of citizenship. Further, as set forth more fully below, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District because this dispute involves real property located in McKean County, Pennsylvania.

## FACTS

5. This action relates to mineral rights and oil and gas wells drilled and operated on real property consisting of 1,100 acres, more or less, located in McKean County, Pennsylvania, known as Warrant No. 4912 ("Warrant 4912" or "the property"), and referenced on Tax Map No. 22-555-702.

6. Plaintiff presently owns an undivided 50% interest in and to Warrant 4912 by virtue of an Assignment from Defendant dated December 15, 2000 ("the Assignment"). A copy of the Assignment is attached hereto and marked as Exhibit "A."

7. The Assignment sets forth the 50% undivided interest in Warrant 4912 assigned to Plaintiff for consideration of $900,000.00, which includes "[ . . .] an undivided 50% interest in and to Warrant 4912. . ." along with "all rights, title and interest appurtenant to the interest hereby being assigned, including such surface rights, easements, and other rights and privileges as are necessary or proper maintenances of wells for the transportation, removal and sale of the oil and gas produced therefore." (Exhibit A).

8. The property for which the assignment being made is further described as "ALL THE OIL AND GAS AND MINERALS IN, AND UNDER AND UPON ALL THAT TRACT OF LAND situate in Hamilton Township, McKean County, State of Pennsylvania, known and described as Warrant No. 4912, containing 1100 acres, more or less, and being all the oil, gas, and minerals" as further set forth in:

   (a) The deed dated February 28, 1997, from Lawrence D. and Mareen B. Buehler to Robert H. Long recorded in the official records of McKean County at Record

Book Volume 249, Page 952.  A copy of the 1997 deed from the Buehlers to Long is attached hereto and marked as Exhibit "B;"

(b) The deed dated March 27, 1992, Buehler Lumber Company conveyed the property in fee to Lawrence D. Buehler and Maureen B. Buehler, husband and wife recorded in the official records of McKean County at Record Book 143, Page 586. A copy of the 1992 deed from Buehler Lumber Company is attached hereto and marked as Exhibit "C;" and

(c) The special warranty deed dated December 15, 2000, from Robert Long to Defendant, DL Resources, Inc., recorded in the Official Records of McKean County at Record Book 342, Page 188.  A copy of the 2000 special deed from Robert Long is attached hereto and marked as Exhibit "D."

9. In addition to the assignment of interest in Warrant 4912, Plaintiff and Defendant established an Area of Mutual Interest ("AMI") for oil and gas development within Warrant 4912. Pursuant to the Assignment involving the AMI and Warrant 4912, Defendant has transferred a 50% interest in and to over 100 oil and gas wells located in Warrant 4912. The individual oil and gas wells located within Warrant 4912 are shown on the map attached hereto and marked as Exhibit "E."

10. Plaintiff and Defendant entered into a Drilling and Operating Agreement (the "Operating Agreement"), which governed the rights and responsibilities of the operator and working interest owners with respect to the wells drilled and/or acquired within Warrant 4912. A copy of the Agreement between Plaintiff and Defendant is attached hereto and marked as Exhibit "F."

11. Through this action, Plaintiff seeks to partition its undivided mineral interests in the property at issue and further seeks to recover compensatory and other damages from

Defendant due to Defendant's failure to act as a prudent operator in violation of both its contractual and common law obligations.

## COUNT I – PARTITION

12. Plaintiff incorporates the allegations contained in paragraphs 1 through 11 herein.

13. Section 24 of the Operating Agreement provides that either party may move to partition its interests in the property.

14. Plaintiff has made a good faith effort to resolve the outstanding claims and issues between Plaintiff and Defendant and to negotiate a termination of the Operating Agreement and division of the property interests.

15. Accordingly, and in accordance with Section 24, Plaintiff now requests the Court equitably partition the property between Plaintiff and Defendant according to their respective interests and rights pursuant to Pennsylvania law.

## COUNT II – BREACH OF CONTRACT

16. Plaintiff incorporates the allegations contained in paragraphs 1 through 15 herein.

17. Defendant breached the Operating Agreement in various respects, including but not limited to, overcharging the monthly operating fee allowed under the Operating Agreement, by failing to operate the subject wells in a good and workmanlike manner and by failing to provide documents and information regarding the operation of the wells in Warrant 4912 as required.

18. Defendant has failed to operate the wells in accordance with the Operating Agreement and industry standards in multiple ways including without limitation by failing: to allocate sufficient resources and personal to pump the wells in order to facilitate production; to run the pump jacks consistently to maintain and facilitate oil and gas production; to test, repair and/or replace pumps and equipment as necessary to keep the wells producing.

19. At the same time Defendant has failed to fulfill its obligations under the Operating Agreement for operating the wells in a good and workmanlike manner, Defendant continues to overcharge $250.00 per month, per well as an operating expense regardless of whether the wells are producing in a profitable manner and add in other inappropriate charges including fuel surcharges.

20. Defendant has breached the Operating Agreement by failing to undertake a review as to whether specific wells should be shut-in or plugged that are operating at a loss and it has breached its obligation to give "good faith and consideration" to Plaintiff's opinions and advice concerning major decisions for the wells and operation of the same. When Plaintiff has made specific inquiries about the operation of the wells, or provided advice on operation of the wells, Defendant would not respond or it would provide a dismissive, non-substantive response ignoring the issues raised and advice provided.

21. Defendant's desire to continue overcharging Plaintiff fees on the wells while at the same time failing to operate the wells properly, refusing to communicate with Plaintiff about the jointly held assets in good faith and refusal to undertake necessary evaluations of the wells in accordance with all of its obligations to Plaintiff is unacceptable and has damaged Plaintiff in an amount in excess of $75,000.00, the full amount of which will be shown at trial.

## COUNT III – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

22. Plaintiff incorporates the allegations contained in paragraphs 1 through 21 herein.

23. Under Pennsylvania law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.

24. By operation of law, the Operating Agreement between Plaintiff and Defendant contains an implied covenant of good faith and fair dealing which prohibits either party from depriving the other of the intent and benefits of its contract.

25. Defendant has breached its duty of good faith and fair dealing to Plaintiff for all the reasons as alleged above including without limitation paragraphs 17 through 21.

26. As a result of Defendant's breach of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of $75,000.00, the full amount of which will be shown at trial.

## COUNT IV – INJUNCTIVE RELIEF

27. Plaintiff incorporates the allegations in paragraphs 1 through 26 herein.

28. Plaintiff has been damaged, and continues to be damaged, by Defendant's continued operation of the oil and gas wells in Warrant 4912. Defendant has breached its obligations under the Operating Agreement and its duty to Plaintiff in various respects, including without limitation, overcharging the monthly operating fee allowed under the Operating Agreement, by failing to operating the wells in good faith and workmanlike manner and by failing to provide documents and information regarding the operation of wells in Warrant 4912 as requested by Plaintiff and as required.

29. Plaintiff will be irreparably harmed if Defendant is allowed to continue to operate the wells in Warrant 4912, in the manner the wells are currently being operated, especially in view of the filing of this action.

30. Defendant has completely ignored Plaintiff's requests for information regarding Defendant's operation and activities involving Warrant 4912 and has ignored the advice Plaintiff has provided concerning the evaluation and operation of the wells at issue. Defendant has further disregarded the good faith efforts Plaintiff made to address the outstanding issues

Plaintiff has raised and to negotiate a termination of the Operating Agreement and division of the undivided property interest.

31. Defendant's existing breaches of the Operating Agreement, its failure to act in good faith and deal fairly with Plaintiff and its lack of communication with Plaintiff demonstrates a complete disregard by Defendant of Plaintiff's undivided 50% interest in Warrant 4912 and its rights regarding the same.

32. The wells being operated in Warrant 4912 need to be evaluated, maintained and operated in accordance with industry standards to protect the assets and their value as producing oil and gas wells.

33. Plaintiff requests temporary and permanent injunctive relief regarding the Warrant 4912 assets to protect Plaintiff's undivided interest in the property and to prevent irreparable damage to Plaintiff's interests if the wells are not properly maintained and operated.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Ohio Valley Energy Systems Corporation, demands the following on its claims:

(a) That the Court order Defendant to make a true and full accounting of production income and expenses from all oil and gas wells located in Warrant 4912;

(b) That the Court order a just and equitable division and partition of the interests be made between Plaintiff and Defendant according to their respective rights;

(c) That, in the event the interests cannot be partitioned without material injury to the rights of the parties, then the interests be sold under the direction of the Court according to the parties' respective rights as aforesaid;

(d) That Plaintiff be awarded compensatory damages and court costs;

(e) That temporary and permanent injunctive relief be entered requiring Defendant provide the information and documentation requested pursuant to the parties' Operating Agreement and that Defendant be replaced as operator of the wells in Warrant 4912 with Plaintiff as operator and/or a third-party receiver be appointed to operate the wells during the course of this litigation until the assets can be partitioned and/or sold pursuant to further court order; and

(f) Such other relief as the Court deems to be equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

/s/ Michael P. Leahey
Michael P. Leahey (PA Bar No. 92933)
Daniel R. Michelmore (PA Bar No. 94460)
Jackson Kelly PLLC
Three Gateway Center
401 Liberty Ave., Ste. 1340
Pittsburgh, PA 15222
(412) 434-8055
Facsimile (412) 434-8062
mpleahey@jacksonkelly.com
drmichelmore@jacksonkelly.com

*Counsel for Plaintiff Ohio Valley Energy Systems Corporation*